IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-00407-10-CR-W-DW |
| ) | |
| KRISTY HAYS, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is currently before the Court on defendant Kristy Hays' Motion for Severance of Trials of Co-Defendants (doc #165). Defendant Hays' motion requests an order severing her trial from that of defendant James Deterding. For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On December 15, 2004, the Grand Jury returned a fourteen count indictment against Patrick P. Gruetze, Terra Hedger, Winfred E. Taylor, Edward Bowman, Jr., Christopher Burton, James Deterding, Angela K. Baker, John A. Hughes, Joseph B. Miller, Kristy Hays, Charles D. Zelk, Patrick S. Allen, Kara S. Patrick and Jerry P. Vinson. Defendant Hays is charged in Counts One and Eight of the indictment. Defendant Deterding is charged in Counts One and Nine. Count One of the indictment charges that between April 1, 2003, to the present, all defendants knowingly conspired with each other and others to manufacture methamphetamine in an amount of fifty grams or more. Count Eight charges that on May 28, 2004, defendants Hays and Zelk, aiding and abetting each other, knowingly attempted to manufacture methamphetamine. Count Nine charges that on June 8, 2004, defendant Deterding knowingly possessed with intent to distribute methamphetamine.

## II. DISCUSSION

### A. Defendants Are Properly Joined In This Action

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." This Rule is to be liberally construed in favor of joinder. See United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989).

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. See United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984), cert. denied, 471 U.S. 1115 (1985). See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993)("the indictment on its face revealed a proper basis for joinder"); Jones, 880 F.2d at 62 ("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the indictment, it is clear that the charge in Count One (that defendants conspired with each other and others to manufacture methamphetamine) satisfies the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder in this case.

### B. Defendant Hays Is Not Prejudiced By The Joinder

Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. See United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Defendant Hays argues that she would be prejudiced by a joint trial with defendant Deterding

2

for the following reasons:

> 3. Defendant Deterding has given a statement implicating himself and defendant Hays in illegal activities ...
>
> 4. Defendant Deterding's statement raises the specter of the use [of] a non-testifying co-defendant's confession at trial.
>
> 5. The admission of a non-testifying co-defendant's confession at a joint trial implicating his co-defendant constitutes prejudicial error. <u>Bruton v. United States</u>, 391 U.S. 123, 126 ... (1968).

(Motion for Severance of Trial of Co-Defendants at 1)

In its response, the Government states that it is uncertain, at this stage of the prosecution, whether the statement in question will be offered as evidence in trial. (Government's Response at 5) Further, the Government states that it has reviewed the statement and determined that the portions naming defendant Hays are but a minor portion of the statement and that it could be easily redacted. (<u>Id.</u>)

In <u>Bruton v. United States</u>, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. In a subsequent case, the Court has held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." <u>Richardson v. Marsh</u>, 481 U.S. 200, 211 (1987). The Court later held that it is not sufficient to merely replace another defendant's name with an obvious indication of deletion, such as a blank space, the word "deleted" or a similar symbol, because this type of redaction still falls within

3

Bruton's protective rule. See Gray v. Maryland, 523 U.S. 185, 192 (1998). However, replacing a defendant's name with words that do not indicate that the statement has been redacted, such as using the word "someone," or deleting the defendant's name when it is followed by words which do not indicate that the statement has been redacted, such as "a few other guys," does not violate Bruton. See Gray, 523 U.S. at 196-97 (where Court gave proposed redaction and approved of redaction used in United States v. Garcia, 836 F.2d 385 (8th Cir. 1987)). See also United States v. Edwards, 159 F.3d 1117, 1125-26 (8th Cir. 1998), cert. denied, 528 U.S. 825 (1999); United States v. Donahue, 948 F.2d 438, 444 (8th Cir. 1991), cert. denied, 503 U.S. 976 (1992).

At this point, the Court is not evaluating any proposed redaction. In fact, the Government has not yet determined that it will offer the statement in question at trial. (See Government's Response at 5) It should be noted that while the scheduling order requires that proposed redactions be presented to the Court well in advance of trial, the Court has not yet been presented with any proposed redactions to evaluate.

### III. CONCLUSION

There is no reason to question that any possible prejudice to defendant Hays resulting from her inability to confront and cross-examine defendant Deterding cannot be resolved through redaction and instructions to the jury to consider statements only against the defendant who made the statements. The Court must balance the burden and cost of separate trials against the possible prejudice to defendants. In this case, the burden and costs of separate trials outweigh any possible prejudice asserted by defendant Hays. Therefore, it is

ORDERED that defendant Hays' Motion for Severance of Trials of Co-Defendants (doc #165) is denied.

4

                         */s/ Sarah W. Hays*
                              SARAH W. HAYS
             UNITED STATES MAGISTRATE JUDGE